(16 Misc. Rep. 470.)

### MOTLEY v. FLANNAGAN et al.

(Supreme Court, Special Term, New York County. April, 1896.)

INDEMNITY—ACTION AGAINST INDEMNITOR.

> Plaintiff, defendants, and others contracted for the purchase of property, and deposited $5,000 in bank, to be paid to P. if the purchasers failed to perform their contract. Afterwards defendant A. drew from the deposit $1,250, giving a bond executed by himself and defendant F., conditioned to indemnify the bank against any loss or damage whatever by reason of its payment of the $1,250. P. recovered judgment against plaintiff for $7,500, and against the bank, directing it to pay to P. the money deposited. Plaintiff paid the judgment in favor of P., and took an assignment of and sued on the indemnifying bond. *Held*, that plaintiff could not recover, the bank having paid nothing on account of the deposit.

Action by Thornton N. Motley, as assignee of the Commercial National Bank, against William W. Flannagan and others, on a bond given to said bank by defendants Adams and Flannagan to indemnify the bank against loss by reason of its payment to defendant Adams of a portion of moneys deposited by plaintiff and said defendants Adams and Flannagan and others on account of a certain contract entered into by them. Defendant Flannagan demurs to the complaint. Sustained.

Dayton, Dunphy & Swift, for plaintiff.

Dallas Flannagan, for defendant Flannagan.

PRYOR, J. Upon the complaint these facts are apparent: That the plaintiff, Macauley, James M. Motley, and defendants Adams and Flannagan contracted for the purchase from Pellas of "certain concessions, grants, privileges, and other property in the republic of Nicaragua"; that the interest of Macauley and the Motleys in the contract was one-fourth, and of Adams and Flannagan one-eighth; that, on account of said contract, $5,000 was deposited by the purchasers in the Commercial National Bank, each contributing to such deposit in the ratio of his interest in the contract; that on the failure of the purchasers to perform the contract the deposit was to be paid to Pellas; that the bank issued its certificate of deposit for the $5,000 to the joint order of Pellas and the plaintiff; that thereafter Adams drew from the deposit $1,250, upon the execution by him and Flannagan of a bond to the bank, conditioned to hold it harmless "from any loss or damage whatever" by reason of its payment of the $1,250 to Adams, or in consequence of costs or expenses to the bank; that

in an action by Pellas against this plaintiff, Macauley, the bank, and Flannagan, as cashier, Pellas recovered a judgment against this plaintiff and Macauley for some $7,500, and against the bank a judgment directing that this plaintiff "deliver to Pellas an order on said Flannagan, as cashier of the bank, for the delivery of said certificate of deposit, and that the bank, upon presentation thereof, pay the same to Pellas, all costs to be taxed against this plaintiff and Macauley"; that this plaintiff paid the judgment in favor of Pellas, and thereupon took an assignment from the bank of the bond for its indemnity given by defendants Adams and Flannagan. Upon this bond the action is brought, and, the plaintiff suing as assignee, the question presented by the demurrer is, do the facts exhibit a right of action in the bank?

. The bond being for indemnity against "loss or damage," actual loss or damage is indispensable to the support of an action upon it. Gilbert v. Wiman, 1 N. Y. 550. The loss or damage against which defendant Flannagan covenanted to indemnify is such as the bank should incur "by reason of the payment to Adams of the said sum of $1,250," or of any "cost or expense" consequent upon a claim by Pellas to the certificate of deposit. Of such loss or damage the complaint contains no allegation. Had the bank, in redeeming the certificate, been obliged with its own funds to supply the deficiency created by the payment to Adams, then such loss and damage would have been sustained. But the bank has paid nothing upon the certificate; has not, indeed, been requested to redeem the certificate. It has expended nothing in resisting any claim of Pellas to the certificate. It has been subjected to no cost or expense on account of such claim. In short, the bank is not a penny out of pocket in consequence of the payment to Adams; and, by all authorities, the condition of Flannagan's obligation is yet unbroken. It is argued by plaintiff that the bank, by direction of the judgment against it, "has been called upon to do something; that is, to pay the amount of the certificate." This "something" the bank has not "done," and until it be done the bank is still without loss or damage. The position that the assignment of the bond to the plaintiff is a payment on the certificate is obviously untenable. It is still the fact that the bank has not parted with a dollar, and an expedient to escape payment is certainly not the legal equivalent of payment. In no sense does the assignment of the bond by the bank involve a breach of its condition by the defendant. It is stated in the brief of counsel that, because of the payment to Adams, the bank is unable to redeem the certificate; but no such averment, if material, appears in the complaint.

Defeated in his claim to relief on the bond of indemnity, the plaintiff then urges an equity of subrogation as a ground of recovery against Flannagan; contending that, as assignee of the bond, he succeeds to the rights of the bank against Flannagan. But upon this argument, too, he is confronted again by the fact that the only right of the bank against Flannagan is indemnity for actual loss and damage, of which, I repeat, none is apparent. Between plaintiff and Flannagan, equally responsible for the Pellas debt, no right

of subrogation can arise.   Bisp. Eq. § 337.   The only subrogation predicable of the transaction is the privilege of plaintiff, on payment of the judgment in favor of Pellas, to avail himself of whatever remedy Pellas might have enforced against the bank, as principal debtor, by virtue of its certificate of deposit.   But Pellas had no recourse against the bank, except for the deposit.   Assuming the altogether untenable position that this right against the bank would enable Pellas to pursue a portion of the deposit in the hands of Flannagan, it is not shown that Flannagan has received anything of the deposit.   The deposit was withdrawn by Adams, and the only obligation of Flannagan is to respond to the bank for any loss or damage it has sustained by the withdrawal of the deposit by Adams. The plaintiff, we may concede, is subrogated to the right of Pellas against the bank; but certainly not to any right of the bank against Flannagan, the plaintiff's joint debtor or co-surety.   If, however, plaintiff be substituted to the remedy of the bank against Flannagan, again it is answered that such remedy consists only in a claim of indemnity for loss or damage.   By the judgment under which plaintiff asserts his right, he was directed to deliver to Pellas an order on the bank for the certificate of deposit; and the bank was directed, on presentation of the certificate, to pay the deposit to Pellas.   Upon a fundamental and familiar principle, before any right of recourse against Flannagan can accrue the primary fund for satisfaction of the Pellas claim should be exhausted, and yet the plaintiff has not made an attempt even to reimburse himself from this recourse.   Non constat but that, on presentation of his order on the bank pursuant to the provision in the judgment, the plaintiff will receive the certificate of deposit, and be paid the money he seeks to recover of Flannagan.   The deposit was the fund specifically provided for the discharge of the Pellas claim.   It was the fund to which the judgment of the court directed Pellas to have recourse.   But the plaintiff—in effect assignee of Pellas—refuses resort to that fund, and seeks, in the first instance, redress from one who stands in the position of surety for the fund.   As assignee of the judgment he satisfied, plaintiff has only such right and remedy as the judgment affords, which is to reclaim the deposit from the bank, leaving to it the relief of indemnity from Flannagan.   In truth, not subrogation, but contribution, is the principle which regulates the relations and rights between plaintiff and his joint debtor or co-surety, Flannagan.   "The equity of contribution arises when one of several parties who are liable to a common debt or obligation discharges the same for the benefit of all."   Bisp. Eq. § 328.   But a claim of contribution from Flannagan is not available to the plaintiff, because, aside from other objections, the judgment, upon satisfaction of which he challenges contribution from Flannagan, affects Flannagan only as cashier of the bank, and imposes upon him no obligation to pay the debt to Pellas.   The payment of the judgment by plaintiff, therefore, was not in discharge of a common burden, nor for the benefit of Flannagan.

Demurrer sustained, with leave to amend on the usual terms.